### CORNING *v.* ROOSEVELT.

*(Supreme Court, Special Term, New York County.*   March 31, 1890.)

PRACTICE IN CIVIL CASES—EXTENSION OF TIME TO ANSWER.

     Gen. Rule Prac. N. Y. No. 24, provides that an extension of time to answer shall not be granted unless the party shall present to the judge an affidavit of merits. Code Civil Proc. N. Y. § 782, provides that the affidavit on which an extension of time to answer is granted, or a copy thereof, must be served with a copy of the order. Defendant made an affidavit of merits, and his attorney made an affidavit, which was served on plaintiff's attorney, stating the facts, and asking an extension, which was granted. The affidavit of merits was not served with the order granting the extension and the other affidavit. *Held,* that plaintiff properly disregarded the order granting the extension, and entered judgment by default.

At chambers. Action by Frederick G. Corning against Samuel L. Roosevelt. Defendant's time to answer was twice extended by consent after service of the summons and complaint. At the expiration of the second extension defendant made an affidavit of merits and filed it in the clerk's office, but failed to serve a copy on plaintiff. Defendant's attorney made an affidavit, which was served on plaintiff's attorney, stating the facts, and asking an order for a further extension of time, which was granted. Plaintiff afterwards disregarded this order, and entered judgment as by default. Defendant now moves to vacate the judgment and the execution thereon.

Code Civil Proc. N. Y. §§ 780–782, are as follows: "Sec. 780. Where special provision is not otherwise made by law or by the general rules of practice, if notice of a motion or of any other proceeding in an action before a court or a judge is necessary, it must, if personally served, be served at least eight days before the time appointed for the hearing unless the court, or a judge thereof, upon an affidavit showing grounds therefor, makes an order to show cause why the application should not be granted, and in the order directs that service thereof less than eight days before it is returnable be sufficient. Sec. 781. Where the time within which a proceeding in an action after its commencement must be taken has begun to run, and has not expired, it may be enlarged, upon an affidavit showing grounds therefor, by the court, or by a judge authorized to make an order in the action. Sec. 782. In a case specified in the last two sections, the affidavit upon which the order was granted, or a copy thereof, must be served with a copy of the order; otherwise, the order may be disregarded." Gen. Rule Prac. N. Y. No. 24, is as follows: "No order extending defendant's time to answer or demur shall be granted, unless the party applying for such order shall present to the justice or judge to whom the application shall be made an affidavit of merits, or

proof that it has been filed, or an affidavit of the attorney or counsel retained to defend the action, that, from the statement of the case in the action made to him by the defendant, he verily believes that the defendant has a good and substantial defense upon the merits to the cause of action set forth in the complaint, or to some part thereof. And the affidavit shall state whether any and what extension or extensions of time to answer or demur ·have been granted by stipulation or order, and where any extension has been had the date of issue shall be twenty days after the service of the complaint."

*D. J. M. O'Callaghan*, for plaintiff. *Davison & Chapman*, for defendant.

ANDREWS, J. As no copy of the affidavit of merits was served; plaintiff has the right to disregard it. Code Civil Proc. § 782; Rule 24. The judgment was heretofore regularly entered, and the defendant is in default. Such default will be opened so far as to permit a defense of the action upon payment of plaintiff's costs and disbursements; the answer to be served within 10 days, and the judgment to stand as security. The order will be settled on notice.